# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

November 12, 2021

Clerk - Northern District of Georgia
Richard B. Russell Bldg & US Courthouse
2211 UNITED STATES COURTHOUSE
75 TED TURNER DR SW
STE 2211
ATLANTA, GA 30303-3309

Appeal Number: 21-13184-G
Case Style: Rufus Hamilton v. Fulton County Schools
District Court Docket No: 1:21-cv-01437-LMM-JKL

The enclosed copy of this Court's Order of Dismissal is issued as the mandate of this court. See 11th Cir. R. 41-4. Counsel and pro se parties are advised that pursuant to 11th Cir. R. 27-2, "a motion to reconsider, vacate, or modify an order must be filed within 21 days of the entry of such order. No additional time shall be allowed for mailing."

Any pending motions are now rendered moot in light of the attached order.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Lee Aaron, G
Phone #: 404-335-6172

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 21-13184-G

RUFUS HAMILTON,

Plaintiff-Appellant,

versus

FULTON COUNTY SCHOOLS,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Georgia

Before: JORDAN, JILL PRYOR, and BRASHER, Circuit Judges.

BY THE COURT:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction.  On July 30, 2021, Rufus Hamilton filed a notice of appeal in which he failed to expressly designate the decision from which he was appealing.  Because the district court had not entered an order when Hamilton filed his notice of appeal, we liberally construe the notice of appeal as seeking to challenge the magistrate judge's July 12, 2021 report and recommendation ("R&R"), which recommended that the district court grant defendant Fulton County Schools' motions to dismiss Hamilton's complaint.  We lack jurisdiction over this appeal because it is taken from a decision that was not final and appealable at the time of Hamilton's appeal.  *See* 28 U.S.C. § 1291 (providing that appellate jurisdiction generally is limited to final decisions of the district courts); 28 U.S.C. § 636(b)(1)(A) (providing that a district court may designate a magistrate judge to hear and determine pretrial matters pending

before the court); 28 U.S.C. § 636(c)(1) (providing that a magistrate judge may conduct any or all proceedings in a civil matter and enter a final judgment, but only upon special designation by the district court and the consent of all parties); *McNab v. J & J Marine, Inc.*, 240 F.3d 1326, 1327-28 (11th Cir. 2001); *Donovan v. Sarasota Concrete Co.*, 693 F.2d 1061, 1066-67 (11th Cir. 1982) (explaining that, absent consent, decisions by a magistrate judge under 28 U.S.C. § 636(b) are not final orders and may not be appealed until rendered final by a district court). And while the district court subsequently adopted the magistrate judge's R&R, that subsequent ruling did not cure Hamilton's premature appeal. *See Perez-Priego v. Alachua Cnty. Clerk of Ct.*, 148 F.3d 1272, 1273 (11th Cir. 1998) (explaining that, when a party files a notice of appeal before the district court adopts a magistrate judge's order, the district court's subsequent ruling on the order does not cure the premature notice of appeal).

No motion for reconsideration may be filed unless it complies with the timing and other requirements of 11th Cir. R. 27-2 and all other applicable rules.